## Ellen C. Griffin, Defendant in Error, v. William U. Halbert, Administrator, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Petition by Ellen C. Griffin to the Probate Court of St. Clair county for the allowance of a claim against the estate of Sarah Ann Johnson, deceased, intestate, the claim being the principal and interest of a promissory note executed by intestate jointly with her husband, Benjamin Johnson, also deceased, of which note petitioner was the holder. From a decree allowing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the claim, William U. Halbert, administrator, appealed to the Circuit Court of St. Clair county. To reverse a judgment approving the decree appealed from, the administrator prosecutes this writ of error.

Henry J. Fink, a loan broker in Belleville, Illinois, and as such loaned money on real estate and afterwards sold the securities to investors. As a part of his business he saw that the property securing the loan was insured and received interest from borrowers, and paid it to the holders of the notes. On November 6, 1908, he loaned to Sarah Ann Johnson and her husband, Benjamin Johnson, $2,800 and took their joint note, due in three years, with interest at the rate of six per cent. payable semiannually and evidenced by six interest notes, for $84 each, secured by a mortgage on a lot upon which was a dwelling house. The loan was procured for the Johnsons by a contractor who built the house for them. The notes and mortgage were payable to Henry J. Fink, trustee. Shortly after the execution of the notes and mortgage Fink sold and delivered them to Ellen C. Griffin. Thereafter Fink notified Mrs. Johnson a few days before each interest note became due and she paid the interest to him, he in turn paying the same to Mrs. Griffin who delivered the interest note so paid to him, which he sent to Mrs. Johnson. This manner of collection and payment seemed to have continued during the three years. On November 11, 1911, after the principal note had become due, Mrs. Johnson paid Fink $1,800 on the principal and took his written receipt therefor, the receipt showing that the payment was to be applied on the loan. There is no evidence that Fink had been authorized by Mrs. Griffin to receive said amount on the principal or that Mrs. Johnson knew that the notes had been sold and transferred to her. A month or so after the receipt of this money he informed Mrs. Griffin of the fact and offered her other loans for the amount received, but she refused. She came to Fink's office a number of times about the matter and said she

wanted the money but did not get it. On August 29, 1912, Mrs. Griffin wrote to Fink, saying she had seen a notice of Mrs. Johnson's death, and further wrote: "You told me they would pay a $1,000 or more on the mortgage. There is nothing paid and Mrs. Johnson is dead. I want to hear immediately why that estate was not settled and that payment made as you said it would be. If you had looked after it that payment would have been made. That would have cut the mortgage down. That is a heavy mortgage for that house. You hold that $1,000 for me. Don't let them have it." Other correspondence passed between them in which she demanded $1,000, which she appears to have thought was the amount paid to Fink, and stating that if it was not paid, she was going to close the mortgage, but he failed to pay her any of the money and finally failed financially and fled the country.

WILLIAM H. PFINGSTEN and JAMES O. MILLER, for plaintiff in error.

TURNER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 132*—*when person not in possession of note not agent to accept payment of note.* A broker who does not have possession of a note is not made the agent of the holder so as to be authorized to accept payment of part of the principal of the note by the mere fact that such broker sold the holder the note in question, as well as other notes, and has been loaned money by such holder.

2. PRINCIPAL AND AGENT, § 132*—*when principal bound by act of a third person in receiving payment of note.* In order to bind the holder of a promissory note by a payment of the principal thereof made to one other than the holder, it must appear that the person

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

receiving the payment had either possession of the note or express or implied authority from the holder to receive such payment.

3. PRINCIPAL AND AGENT, § 132*—*when duty of person paying note to ascertain authority of third person to accept payment.* The payor of a promissory note is charged with the duty of seeing that the person to whom he makes payment thereof has authority from the holder to receive such payment, if such person has not the note in his possession.

4. PRINCIPAL AND AGENT, § 132*—*when evidence insufficient to establish agency to accept payment of note.* On a writ of error to reverse a judgment approving the allowance of a promissory note as a claim against the estate of a decedent, where the note in question was indorsed by the payee to claimant, and where decedent paid to the original payee, a note broker, an amount in part payment of the principal of such note, evidence *held* to show that in accepting such payment such broker acted as the agent of decedent and not of claimant, it appearing that such broker did not have possession of the note, or express or implied authority from claimant to receive such payment.

5. PRINCIPAL AND AGENT, § 132*—*when broker selling note not agent to receive payment.* Where a person purchases notes from a broker and takes from him the notes purchased, the broker is not the agent of such purchaser to receive payment thereon, in the absence of express or implied authority so to act.

6. PRINCIPAL AND AGENT, § 132*—*when agent no authority to receive payment of debt.* The collection by an agent of other securities or even of a part of the existing debt is not sufficient to raise an implication of authority in the agent to receive payment of the debt.

7. PRINCIPAL AND AGENT, § 132*—*when agent no authority to collect principal of debt.* The fact that an agent has express authority to collect interest on a note is not sufficient to show authority in the agent to collect the principal.

8. PRINCIPAL AND AGENT, § 183*—*when evidence insufficient to establish ratification of unauthorized collection of note.* On a writ of error to reverse a judgment approving the allowance of a note as a claim against decedent, where it appeared that decedent gave a note to a note broker, who assigned it to claimant, that claimant retained possession, and that the broker, who had no express or implied authority from such holder to receive payment, received payment of part of the principal and never paid the amount received over to the holder, evidence *held* insufficient to show a ratification of the payment to such broker.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.